# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. WESTON,<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR,<br><br>            Defendant. | 1:20-cv-00326-JLT-GSA-PC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY AND VACATE DEADLINES IN THE SCHEDULING ORDER PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 24.)**<br><br>**ORDER IMPOSING STAY OF DISCOVERY AND VACATING THE DEADLIINES IN THE SCHEDULING ORDER PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 23.)** |

**I.    BACKGROUND**

John F. Weston ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1994). This case now proceeds with the original Complaint filed on March 3, 2020, against defendant CDCR for violation of the ADA. (ECF No. 1.) On October 12, 2021, the Court issued a Discovery and Scheduling Order establishing a deadlines of February

1

9, 2022 to amend pleadings, March 12, 2022 for the parties to complete discovery, and May 12, 2022 for the filing of dispositive motions.  (ECF No. 18.)  On December 22, 2021, Defendant filed a motion for judgment on the pleadings, which is pending.  (ECF No. 23.)

On December 30, 2021, Defendant filed a motion to stay discovery and continue the deadlines in the Court's scheduling order, pending resolution of Defendant's motion for judgment on the pleadings.  (ECF No. 24.)  Plaintiff has not opposed Defendant's motion to modify the scheduling order, which is now before the court.  Local Rule 230(*l*).

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests the court to stay discovery and continue the deadlines in the Court's scheduling order to be reset, if needed, after the Court rules on Defendant's pending motion for judgment on the pleadings.  Defendant believes that the motion for judgment on the pleadings could dispose of Plaintiff's entire action without the need for discovery, and allowing the parties to propound discovery would waste party and judicial resources.  Defendant also argues that CDCR has acted with due diligence and is ready to propound written discovery and take Plaintiff's deposition if the motion for modification of the scheduling order is denied.

The court finds good cause to impose a stay on discovery in this action for all parties pending resolution of Defendant's motion for judgment on the pleadings.  In addition, the deadlines in the Court's scheduling order for amending pleadings and filing dispositive motions shall be vacated likewise pending resolution of Defendant's motion for judgment on the

pleadings. Thus, Defendant's motion for modification of the Court's scheduling order shall be granted.

**III.    CONCLUSION**

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to stay discovery and modify the scheduling order, filed on December 30, 2021, is granted;
2. All discovery in this action is stayed for all parties pending resolution of Defendant's motion for judgment on the pleadings;
3. The deadlines in the Court's scheduling order for amending the pleadings and filing dispositive motions are vacated; and
4. If needed, the court will reset the deadlines following resolution of the pending motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated:   **January 24, 2022**                          **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE