# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. WESTON,<br><br>        Plaintiff,<br><br>   v.<br><br>CDCR,<br><br>        Defendant. | 1:20-cv-00326-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED BASED ON PLAINTIFF'S RELEASE OF CLAIMS, AND DISMISSING THIS CASE WITH PREJUDICE**<br><br>**(ECF No. 23.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

John F. Weston ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1994). This case now proceeds with the original Complaint filed on March 3, 2020, against defendant CDCR ("Defendant") for violation of the ADA. (ECF No. 1.)

On December 22, 2021, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), to dismiss this action in its entirety, with prejudice,

based on the assertion that Plaintiff voluntarily released the claims asserted in this case in a prior settlement agreement, and in addition because the claims asserted here are barred under the doctrine of claim preclusion. (ECF No. 23.) On January 24, 2022, Plaintiff filed an opposition to the motion. (ECF No. 27.) On January 31, 2022, Defendant filed a reply. (ECF No. 29.) Defendant's motion is now before the Court. Local Rule 230(*l*).

## II.     LEGAL STANDARDS

### A.     Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010) (quoting Fajardo v. County of L.A., 179 F.3d 698, 699 (9th Cir. 1999)). The court must assume the truthfulness of the material facts alleged in the complaint, Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the answer that contradict" the complaint, Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh–Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989).

The legal standard that governs a Rule 12(c) motion is the same as that which governs a Rule 12(b)(6) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the plausibility

of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c). A district court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Summit Media LLC v. City of Los Angeles, 530 F.Supp.2d 1084, 1096 (C.D.Cal. 2008). Further, the court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Also, extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

### B.  Claim Preclusion Doctrine

Claim preclusion forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." See Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Put a different way, "[c]laim preclusion bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action." Media Rights Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1020 (9th Cir. 2019). "Newly articulated claims based on the same nucleus of facts are also subject to a *res judicata* finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005). Claim preclusion "applies when the earlier suit

(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations and quotation marks omitted); see also Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) ("Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'").

### III.   THE CDCR CASE (Present Case)
### WESTON VS. CDCR, CASE 1:20-cv-00326-JLT-GSA-PC

The facts alleged in the Complaint in this action, which are presumed to be true for purposes of the motion for judgment on the pleadings, are as follows:

Plaintiff was a state prisoner incarcerated at Valley State Prison in the custody of the California Department of Corrections and Rehabilitation (CDCR). CDCR is the only defendant named in the Complaint, which was filed on March 3, 2020. (ECF No. 1.)

Plaintiff states that he is a long-standing ADA disabled prisoner who is otherwise qualified to partake in out-of-cell yard and day room services/activities/programs. His medical records show a history of plantar fasciitis, bone spur in the left heel, and two herniated disks impinging on the nerve root, which have caused Plaintiff severe sciatica and a string of trigger finger episodes in the left hand.

Plaintiff's previously acquired accommodations included orthopedic footwear and daily Lyrica spanning multiple years. The orthopedic footwear and Lyrica alleviated unnecessary pain and he was able to access out-of-cell yard and dayroom services/activities/programs.

In July 2018, CDCR refused to renew/reissue Lyrica for Plaintiff's pain management and in December 2018 refused to renew/reissue replacement orthopedic footwear (DME Devices) for Plaintiff, absent the requisite investigation compelled by Armstrong (ARP), Duvall (CFR), and Valley State Prison's Operational Procedure (OP) M0013. Instead of conducting an investigation, CDCR simply cited "Policy" as the basis for discontinuing each accommodation.

Because his accommodations were denied, Plaintiff was compelled to opt out of out-of-cell ambulation involving both yard and dayroom service/activity/program access for nearly two years, and continuing.

**ADA Claim**

Title II of the Americans with Disabilities Act prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). The Supreme Court has held that Title II of the ADA applies to state prisons. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir. 2001).  Furthermore, "there is no question that defendant CDCR, as a 'department [or] agency . . . of a State' is a 'public entity' for purposes of the ADA, 42 U.S.C. § 12131(1)." Jones v. Scotland, No. 2:12-CV-00633 TLN, 2015 WL 461633, at *4 (E.D.Cal. Feb. 3, 2015), *report and recommendation adopted*, No. 2:12-cv-0633 TLN DAD, 2015 WL 1347412 (E.D.Cal. Mar. 23, 2015). "Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (policy burdened plaintiff in a manner different from and greater than it burdened non-disabled residents, solely as a result of his disabling condition); Weinrich, 114 F.3d at 978.  "The term 'disability' means, with respect to an individual -- (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1)(A)-(C).

## IV.   THE <u>FERNANDEZ</u> CASE (Plaintiff's Prior Case)

### <u>WESTON V. FERNANDEZ (RIVERA)</u>, CASE 1:19-CV-01031-AWI-JLT-PC

On July 29, 2019, Plaintiff John F. Weston, proceeding *pro se*, filed the Complaint commencing case 1:19-cv-01031-AWI-JLT-PC, <u>Weston v. Fernandez (Rivera)</u>, against sole defendant Correctional Officer (C/O) A. Fernandez (Rivera), for retaliation in violation of the First Amendment.  (ECF No. 1, case 1:19-cv-01031-AWI-JLT-PC.)  The events at issue in the Complaint allegedly occurred at Valley State Prison in Chowchilla, California, when Plaintiff was incarcerated there.  A summary of Plaintiff's allegations follows:

On or about August 20, 2018, Plaintiff and another member of the Kosher Diet Program (KDP) were seated in the dining hall.  C/O Fernandez (Rivera) directed another inmate to sit at the same table.  Plaintiff objected and advised Fernandez (Rivera) that local Operation Procedure (OP) 10048 dictates that Non-KDP inmates will not sit with KDP inmates at the same table.  Defendant Fernandez (Rivera) quipped, "Do you live in a Kosher dorm?"  (ECF No. 1 at 3:7, case 1:19-cv-01031-AWI-JLT-PC.)  Plaintiff advised her (Fernandez (Rivera)) to check OP 10048.  Plaintiff then submitted a CDCR 22 form asking the Second Watch Sergeant Santoya to explain the policy to C/O Fernandez (Rivera) and ask her not to disparage his religion.

Four days later Plaintiff was summoned by defendant Fernandez (Rivera) and told, "I'm going to write you up on a 128 because I watched you walk 100 yards in here without the use of your walker."  (<u>Id.</u> at 3 ¶ 8.)  Plaintiff spoke to Sergeant Santoya and told him that C/O Fernandez (Rivera)'s 128 write-up was in retaliation for Plaintiff sending the Form 22 about the Kosher tables.  Santoya told Plaintiff that he had not received the Form 22.

On August 31, 2018, all inmates were instructed to lock up.  Plaintiff was on the telephone and when he completed his call, Defendant Fernandez (Rivera) hurried him to lock up.  In doing so, Plaintiff left his Inmate ID card on the window near the telephones.  Later that day, when Plaintiff went to retrieve his ID card, it was gone.  Plaintiff asked C/O Fernandez (Rivera) where the card was, and she claimed no knowledge of it.  Plaintiff was forced to pay $7.00 for a replacement card.  The card was found later by an officer who stated that it was "kicked under the store-room door."

For the next 45 days, C/O Fernandez (Rivera) harassed Plaintiff, stopping him each time he entered or exited the housing unit to search Plaintiff and his belongings, insisting that he remove his sunglasses (no such rule exists), continuing to send non-KDP inmates to the same table where Plaintiff was sitting, and making snide remarks. On September 17, 2018, Plaintiff filed a grievance about the harassment. On October 22, 2018, Plaintiff received another 128-B write up by C/O Fernandez (Rivera), stating that she observed Plaintiff not using his walker properly and *recommending that his ADA status be re-evaluated*.

On October 22, 2018, Plaintiff received a response to his grievance denying the removal of Plaintiff's 128-B Chrono, reviewing camera footage to verify that Plaintiff had not traversed 100 yards without use of a walker. The first level response also stated, "Your request for no retaliation to be taken against you for filing this appeal is GRANTED." (Id. at 5:5-7.) Three days later, C/O Fernandez (Rivera) tossed Plaintiff's property and took his typewriter. Plaintiff told Sergeant Santoya what had happened, and Plaintiff was moved to another housing building. Plaintiff filed a second grievance about the retaliatory actions of C/O Fernandez (Rivera).

Plaintiff requested monetary damages as relief.

On February 7, 2020, the Court screened Plaintiff's Complaint in Fernandez and found that it stated a claim for retaliation under the First Amendment against Defendant Fernandez (Rivera). (Case 1:19-cv-01031-AWI-JLT-PC, ECF No. 8.) On May 18, 2021, the parties filed a stipulation for *voluntary dismissal of the case with prejudice (*emphasis added*)*. (Id., ECF No. 34.) On May 19, 2021, the case was closed. (Id., ECF No. 35.)

**V.    DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Defendant CDCR requests the Court to take judicial notice of the existence and content, although not the truth of any matters asserted, of records from Plaintiff's prior litigation in case 1:19-cv-01031-AWI-JLT-PC, Weston v. Fernandez, including:

1. Complaint in Weston v. Fernandez, Case No. 1:19-cv-01031-JLT (E.D. Cal.), a true and correct copy of which is attached as Exhibit A to the Request for Judicial Notice, (ECF No. 23-1).

2. Order Finding Service of Complaint Appropriate and Directing Service in Weston v. Fernandez, Case No. 1:19-cv-01031-JLT (E.D. Cal.), a true and correct copy of which is attached as Exhibit B to the Request for Judicial Notice.

3. Stipulation for Voluntary Dismissal with Prejudice in Weston v. Fernandez, Case No. 1:19-cv-01031-JLT (E.D. Cal.), a true and correct copy, which is attached as Exhibit C to the Request for Judicial Notice.

4. Settlement Agreement in Weston v. Fernandez, Case No. 1:19-cv-01031-JLT (E.D. Cal.), a true and correct copy, which is attached as Exhibit D to the Request for Judicial Notice.

"Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." Ritchie, 342 F.3d at 908-09 (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known'. . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" Id. at 909.

The Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). In particular, we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see also Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of the "relevant state court documents, because those documents have a direct relationship to [petitioner's habeas] appeal"), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007). Plaintiff has not denied the authenticity of the four documents listed above. Consequently, the court takes judicial notice of documents nos. 1, 2, and 3 submitted by Defendant and listed above, which are part of the record from Plaintiff's prior litigation in this Court.

In California, a settlement agreement is a public record if it relates to conduct by a state or local agency. Murphy v. Diaz, No. 2:19-05034 VBF (ADS)) 2022 U.S.Dist.LEXIS 111171, at *2, fn. 1 (C.D.Cal. May 11, 2022) (citing See Cal. Gov't Code § 6252(d)-(e); see also Reg.

Div. of Freedom Newspapers, Inc. v. Cnty. of Orange, 158 Cal. App. 3d 893, 205 Cal. Rptr. 92, 92 (Cal. Ct. App. 1984) (finding a settlement agreement with a county entity was a public record under California Government Code § 6252(d)). Because a court may take judicial notice of matters of public record, the Court grants Defendants' request to take judicial notice of the settlement agreement submitted by Defendant and listed above as no. 4. Id. (citing See Lee, 250 F.3d at 689).

## VI. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant CDCR moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to dismiss this action in its entirety, with prejudice, because Plaintiff voluntarily released the claims in this action in a settlement agreement, and because the claims in this action are barred under the doctrine of claim preclusion.

    **A.    Plaintiff's Relevant Prior Litigation- Case 1:19-cv-01031-AWI-JLT-PC, <u>Weston v. Fernandez (Rivera)</u>**

    **B.    Defendant's Arguments:**

        **1.    Claim Preclusion Bars Relitigating Claims After They Were Dismissed With Prejudice and After They Were Released as Part of a Settlement Agreement**

            **a.    Claim Preclusion Bars Claims That Were or Could have Been Finally Litigated in a Prior Action**

Defendants argue that claim preclusion bars Plaintiff from bringing claims in this case that were previously litigated, because there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.

            **b.    A Settlement Agreement Modifies the Claim Preclusion Analysis**

Defendants also argue that the settlement and release entered into by the parties in this case are a final judgment and not simply a contract entered into by private parties.

///

///

## 2. Weston Released the Claims Asserted in This Action When He Voluntarily Agreed to Settle <u>Fernandez</u>

Defendant argues that the settlement agreement resolving <u>Fernandez</u> bars Plaintiff's litigation of the claims in this action, and the settlement agreement is the manifestation of CDCR's and Plaintiff's intent to release all claims, including any claims against CDCR and its employees that arise, *or could arise* (emphasis added), from the facts mentioned in the <u>Fernandez</u> complaint.

Defendant asserts that the Court screened Weston's complaint in <u>Fernandez</u> under 28 U.S.C. § 1915A(a) and found that, liberally construed, it alleged a cognizable First Amendment retaliation claim. (Request for Judicial Notice (RJN), ECF No. 23-1, Ex. B at 1.) As part of a settlement agreement, executed in May 2021, Plaintiff voluntarily agreed to settle three actions against CDCR and CDCR employees—<u>Fernandez</u>; <u>Weston v. Valley State Prison, et al.</u>, No. 1:20-cv-00025 (E.D. Cal.); and <u>Weston v. Avila, et al.</u>, No. MCV083695 (Madera Cty. Super. Ct.). As part of the settlement, Plaintiff voluntarily dismissed with prejudice <u>Fernandez</u> through a stipulation for voluntary dismissal with prejudice filed on May 18, 2021. (RJN, Ex. C). The settlement agreement, in relevant part, provided:

> It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaints.[1] By signing this Agreement, **Plaintiff releases CDCR**, Defendants, **whether named or unnamed and whether served or unserved**, and any other past or current CDCR employees **from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Complaints.**

///

///

---

[1] The Settlement Agreement and Release in the <u>Fernandez</u> Case dismissed three complaints with prejudice, <u>John Weston (V-90276) v. Fernandez</u>, No. 1:19-cv-01031-AWI-JLT (E.D. Cal.), <u>Weston v. Valley State Prison et al.</u>, No. 1:20-cv-00025 (E.D. Cal.), and <u>John F. v. Rosa Gonzales Avila, et al.</u>, No. MCV083695 (Madera). (ECF No. 23-1 at 28-31, Exh. D.)

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542 . . . .

(RJN Ex. D, ECF No. 23-1 at 2). (emphasis added); see Cal. Civ. Code § 1542.))

### 3. The Court Should Dismiss this Action Because Plaintiff Already Brought And Dismissed His Claims With Prejudice in this Action

Defendant argues that the settlement agreement resolving Fernandez bars Plaintiff's litigation in this action because it was clearly the manifestation of CDCR and Plaintiff's intent to release all claims, including any claims against CDCR and its employees that arise or *could arise* (emphasis added) from the facts mentioned in the Fernandez complaint.

In the present case, CDCR's purported actions correlate with Fernandez's purported actions. (Compare Complaint at 1, with RJN Exh. A at 3-4.) Plaintiff claims that both Officer Fernandez (Rivera) and CDCR attempted to deny him mobility accommodations that he believes would have negatively impacted his ability to ambulate. (Id.)

Defendant argues that the scope of the settlement agreement is clear. Plaintiff agreed to release all claims that arise or could arise from the facts alleged in his Fernandez complaint, thus the Fernandez settlement agreement bars the current litigation and the Court should dismiss this action.

#### a. Plaintiff's Claims in Both Actions Share an Identity of Claims

Defendant argues that Plaintiff's claims in Fernandez and this action both challenged purported CDCR and CDCR employee actions questioning the veracity of his mobility disabilities and related accommodations. In Fernandez, Plaintiff alleged that Officer Fernandez (Rivera) submitted two CDCR Form 128-Bs recommending that Plaintiff's "ADA status" be "re-evaluated," and alleging facts undermining Plaintiff's alleged mobility disability and related accommodations. (Case 1:19-cv-01031-AWI-JLT, ECF No. 1 at 4 ¶ 13.) In the present case (CDCR Case), CDCR purportedly refused other mobility accommodations — to "renew/reissue

11

replacement orthopedic footwear" and allegedly refused to "renew/reissue Lyrica." (ECF No. 1 at 1:25-26.) Defendant CDCR claims that the variances between Plaintiff's allegations in these two actions do not eliminate the identity of claims, because claim preclusion bars claims brought and those that could have been brought. Both fundamentally claim that purported CDCR and CDCR employee actions that questioned the veracity of Plaintiff's mobility disability and related accommodations would compromise or risk compromising his ability to ambulate and access out-of-cell activities.

Defendant argues that the remaining identity-of-claims factors are also present. The continued litigation of this action will destroy the interests of CDCR and its employees in the finality of alleged wrongful acts regarding Plaintiff's alleged disabilities and related accommodations in late 2018. To successfully prosecute claims in both actions, Plaintiff would need to rely on the same evidence to show that CDCR's and Officer Fernandez's purported actions questioning the veracity of Plaintiff's mobility disabilities and the reasonableness of his accommodations were improper. Both of Plaintiff's legal theories, First Amendment retaliation claim and ADA claim, would require him to prove that the actions against him served no valid penological purpose. Also, Plaintiff would have to prove he had a qualifying disability under the ADA and was entitled to the accommodations he received, was being denied, or requested.

Defendant concludes that both actions satisfy the first claim preclusion element requiring an identity of claims.

     **b. Plaintiff's dismissal of <u>Fernandez</u>, with Prejudice, is a Final Judgment on the Merits.**

Defendant argues that Plaintiff's dismissal of <u>Fernandez</u>, with prejudice, operates as a final judgment on the merits, satisfying the second claim preclusion element.

     **c. Plaintiff's Current Claims Involve Parties That Are in Privity with the Parties in <u>Fernandez</u>.**

Defendant argues that privity of parties, the final claim preclusion element, exists between CDCR and Officer Fernandez (Rivera), because a correctional officer employed by CDCR shares a sufficient commonality of interest with CDCR.

///

## VII.  DISCUSSION

Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) to dismiss this action in its entirety, with prejudice, because Plaintiff voluntarily released the claims in this action in a prior case settlement agreement and in addition because the claims in this action are barred under the doctrine of claim preclusion.

As stated above in this order, claim preclusion "applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo, 430 F.3d at 987 (internal alterations and quotation marks omitted); see also Howard, 871 F.3d at 1039 ("Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'").

### A.  Privity Between Parties

Defendant argues that the parties in the two cases at issue are in privity. (ECF No. 23 at 11(C) -12:5.) Plaintiff argues that the parties are not the same.

To determine whether the same parties or their privies are involved, "'the essential consideration is that it is the right of the (same person) which was presented and adjudicated in both courts.'" Burton v. Harris, No. CV 08-5834-GHK(CW), 2015 WL 13283256, at *7 (C.D. Cal. June 29, 2015), report and recommendation adopted, No. CV 08-5834-GHK(CW), 2015 WL 13446786 (C.D. Cal. Sept. 10, 2015), aff'd, 675 F. App'x 797 (9th Cir. 2017) (citing American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1147 (9th Cir. 1981) (citing Chicago, R.I.&P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420 (1926)). "An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment." Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011); see also Spector v. El Ranco, Inc., 263 F.2d 143, 145 (9th Cir. 1959) ("Where . . . the relations between two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either . . . rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other.")

///

///

John F. Weston, CDCR #V-90276, was the Plaintiff in both of the cases at issue: 1) the present case 20-cv-00326-JLT-GSA-PC; Weston v. CDCR, and 2) the prior case 19-01031-AWI-JLT-PC; Weston v. Fernandez. Therefore both cases were filed by the same party.

In the present action, the only defendant is CDCR. In Fernandez, Correctional Officer Fernandez (Rivera) was the only defendant. C/O Fernandez (Rivera)'s liability arises out of her alleged wrongdoing as a CDCR employee. She is therefore in privity with CDCR for purposes of claim preclusion. Because CDCR is the defendant in the present action, the element of privity of parties is satisfied. See id.

### B. Final Judgment on the Merits

Claim preclusion requires a final judgment on the merits. "Dismissal with prejudice" is interchangeable with "final judgment on the merits." Stewart, 297 F.3d at 956; see also Semtek Int'l Inc. v. Lockhead Martin Corp., 531 U.S. 497, 505 (2001).

An action that is voluntarily dismissed with prejudice has preclusive effect to the claims and issues asserted in the action because it is a final judgment on the merits. Int'l Union of Operating Engineers-Employers Construction Industry Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) (holding voluntary dismissal with prejudice was a "final judgment on the merits" preventing reassertion of same claim in subsequent action).

Dismissal of an action with prejudice pursuant to a settlement agreement can also constitute a final judgment on the merits, precluding parties from reasserting the same claim in a subsequent action. Id. (citing See Lawrence v. Steinford Holding B.V. (In re Dominelli), 820 F.2d 313, 316–17 (9th Cir.1987), See e.g., Consumer Advocacy Grp., Inc. v. ExxonMobil Corp., 168 Cal. App. 4th 675, 694 (2008) ("A court-approved settlement acts as a final judgment on the merits for the purposes of res judicata."); Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1141 (9th Cir. 2013).

**Importantly**, the Court's claim preclusion analysis is different when a case is dismissed pursuant to a release or settlement agreement. Murphy, U.S. Dist. LEXIS 111171 at *6 (citing Wojciechowski v. Kohlberg Ventures, LLC, 923 F.3d 685, 689 (9th Cir. 2019)). "A judgment

entered pursuant to a release or settlement agreement, 'unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it.'" Id. (quoting Wojciechowski, 923 F.3d at 689 (quoting Norfolk S. Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004)). "Thus, to determine the preclusive effect of a settlement agreement, a court must look to the intent of the settling parties, 'rather than to general principles of claim preclusion.'" Id. (citing Wojciechowski, 923 F.3d at 689.) "The best evidence of the parties' intent is the settlement agreement itself, as interpreted according to traditional principles of contract law." Id. (citing Wojciechowski at 690 (cleaned up)).

Here, the judgment entered in Fernandez pursuant to the settlement agreement receives its legitimating force from the fact that the parties consented to it, and the best evidence of the parties' intent is the settlement agreement itself, which states in its general release:

### IV. General Release

It is the intention of the parties in signing this Agreement that it shall be effective as a full and final accord and satisfaction and release from all claims asserted in the Complaints. By signing this Agreement, Plaintiff releases CDCR, Defendants, whether named or unnamed and whether served or unserved, and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise or *could arise* (emphasis added) from the facts alleged in the Complaints.

In furtherance of this intention, the parties acknowledge that they are familiar with, and expressly waive, the provisions of California Civil Code section 1542,[2] which states:

> A general release does not extend to claims that the creditor
> or releasing party does not know or suspect to exist in his or her
> favor at the time of executing the release and that, if known by him

---

[2] Civil Code Section 1542 contains waivable language intended to prevent a releasor from inadvertently waiving unknown claims merely by signing a general release.

1 ///
2         or her would have materially affected his or her settlement with the
3         debtor or released party.
4 (Request for Judicial Notice, ECF No. 23-1 at 29 (Exhibit D.))

Defendant argues that the settlement agreement in Fernandez bars this action's continued litigation.

Plaintiff argues that he did not release the claims in this action when he agreed to settle the Fernandez case. In short, Plaintiff argues that the facts alleged in the prior complaint that were released by the settlement agreement are not the same as the facts in the present case; that the rights infringed are not the same; the merits are not the same; the parties are not the same; and, they do not arise from the same nucleus of facts. Specifically, Plaintiff argues that Fernandez has no relation to the present case because in Fernandez his suit was against an individual Correctional Officer sued in her individual capacity for retaliation in violation of the First Amendment, whereas in the present case Plaintiff sued the CDCR for violation of the ADA for failure to provide needed accommodations. In addition, Plaintiff argues that (1) the rights or interests established in the Fernandez judgment would not be destroyed or impaired by prosecution of the second action, (2) the same evidence is not presented in the actions, (3) the two suits do not involve an infringement of the same right, and (4) the two suits do not arise out of the same nucleus of facts. Plaintiff asserts that he never alleged that Officer Fernandez (Rivera) acted in a manner that could have denied him the ability to ambulate, which would restrict his ability to access out of cell activities.

In reply, Defendant argues that Plaintiff's claim in the present case arises from facts alleged in Fernandez, claims which Plaintiff released in light of the settlement agreement's plain text establishing that Plaintiff released "CDCR . . . and any other past or current CDCR employees from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the [Fernandez] Complaint[]."

A release terminates legal liability between the releasor and the releasee. (Coleman v. Virga, No. 2:17-cv-0851 KJM KJN P, 2022 U.S.Dist.LEXIS 2459, at *23-24 (E.D.Cal. Jan. 4,

2022) (citing McKee v. McKenna, 2012 WL 4127732, at *4 (W.D. Wash. Aug. 10, 2012)). The interpretation and validity of a release of federal claims is governed by federal law. Id. (citing McKee at *4) (citing see Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981); Stroman v. West Coast Grocery Co., 884 F.2d 458, 461 (9th Cir. 1989)). "Moreover, 'an agreement need not specifically recite the particular claims waived in order to be effective.'" Id. (quoting Stroman, 884 F.2d at 461).

A release of claims for violations of civil and constitutional rights must be voluntary, deliberate, and informed. Id. (citing Jones, 648 F.2d at 1203). "A party seeking to rely on a release in a § 1983 action has the burden of proving its validity." Id. (citing Jones, 648 F.3d at 1203-04).

### C.    Settlement Agreement

Plaintiff argues that the facts in the complaint that were released in the settlement agreement are not the same facts alleged in the present case (CDCR). **However**, a reading of the Settlement Agreement shows that it released CDCR and CDCR's employees from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the Fernandez Complaint. Here, Defendant is correct -- the settlement released the claims present in both actions alleging that CDCR and its employees acted in a manner that did or could have caused Plaintiff's accommodations addressing his mobility disabilities to be denied. In the present case (CDCR), Plaintiff brought an ADA claim against Defendant CDCR for denying Plaintiff accommodations -- orthopedic shoes and Lyrica -- which he needed to alleviate pain so that he could more fully participate in activities.

Plaintiff argues that he never alleged that Officer Fernandez (Rivera) acted in a manner that could have denied him the ability to ambulate, which would restrict his ability to access out of cell activities. However, Plaintiff did allege in Fernandez that defendant Fernandez (Rivera) retaliated against him in part by threatening to write Plaintiff up on a form 128 "because I watched you walk 100 yards here without the use of your walker," and then lodging a 128-B complaint that Fernandez had observed Plaintiff not using his walker properly and "[p]ersonally recommending that inmate Weston's ADA status as a DPM be re-evaluated." (Case no. 1:19-

1 cv-01031-AWI-JLT, ECF No. 1 at 4 ¶ 13.)  Thus, Fernandez (Rivera) threatened to question
2 whether Plaintiff was entitled to ADA status for the use of his walker, an ADA accommodation.
3       In <u>Fernandez</u>, Plaintiff asserted that, in late 2018, a correctional officer at Valley State
4 Prison retaliated against him when they submitted CDCR Form 128-Bs alleging that Plaintiff's
5 disability status and related accommodations were unnecessary and should be reevaluated.
6 Likewise here in the present case, Plaintiff alleges that, in late 2018 while he was incarcerated at
7 Valley State Prison, CDCR improperly addressed his alleged mobility disabilities and related
8 accommodations.  As part of a settlement agreement resolving three lawsuits Plaintiff filed
9 against CDCR and its employees, Plaintiff voluntarily agreed to dismiss <u>Fernandez</u> with
10 prejudice, releasing CDCR and any past or current CDCR employees from "all claims, past,
11 present and future, known or unknown, that arise or could arise from the facts alleged in the
12 Complaints."  (ECF No. 23-1 at 29, Exh. D.)  The <u>Fernandez</u> settlement agreement and the
13 doctrine of claim preclusion bar Plaintiff's improper attempt to repackage and relitigate released
14 claims against CDCR regarding his mobility disabilities and related accommodations.
15       The Court finds that an ADA claim could arise from the facts alleged in the <u>Fernandez</u>
16 case.  **Importantly**, under the ADA, the following statute 42 U.S.C. § 12203(b), which prohibits
17 retaliation and interference, coercion, and intimidation for exercising rights under the Act, is
18 applicable here and is determinative.  The plain wording of 42 U.S.C. § 12203(b) preclude a
19 party from intimidating or coercing another party not to exercise his rights under the ADA, as
20 well as barring interference against a person who has exercised his rights under the ADA.  To
21 state a claim for coercion under § 12203(b), a plaintiff must allege that when the defendant
22 coerced, threatened, intimidated, or interfered, the plaintiff was exercising or enjoying a right
23 protected by the ADA.  For purposes of claims of a violation of 42 U.S.C. § 12203(b), the U.S.
24 Court of Appeals for the Ninth Circuit has held that the requisite injury could consist of either
25 the giving up of rights under the ADA, or some other injury which resulted from refusal to give
26 up rights, or from the threat itself.  <u>Israel v. Carter</u>, No. 2: 21-cv-1267 JAM KJN P,  2022
27 U.S.Dist.LEXIS 53792, at *1 (E.D.Cal. Mar. 23, 2022).  In <u>Brown v. City of Tucson</u>, the Ninth
28 Circuit held that the plaintiff had stated a claim for a violation of § 12203(b) by alleging facts

showing that (1) her employer threatened her with an adverse action; (2) the threat had a nexus to her exercise or enjoyment of an ADA right; and (3) she suffered "distinct and palpable" injury as a result of the threat. Brown v. City of Tucson, 336 F.3d 1181, 1191-93 (9th Cir. 2003). The Ninth Circuit held that the requisite injury "could consist of either the giving up of her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself." (Israel, 2022 U.S.Dist.LEXIS 53792 at *12.) In Fernandez, Plaintiff could have stated a potentially colorable claim pursuant to § 12033(b) because of Plaintiff's allegations that defendant Fernandez (Rivera) threatened him, and the threat had a *nexus* to Plaintiff's exercise or enjoyment of an ADA right.

Plaintiff's argument that Fernandez and CDCR do not allege the same facts, the same rights infringed, the same merits, the same Defendant, or arise from the same nucleus of facts is unpersuasive. Significantly, "An agreement need not specifically recite the particular claims waived in order to be effective." Coleman, 2022 U.S.Dist.LEXIS 2459 at *23) (quoting Stroman, 884 F.2d at 461)). Plaintiff's argument misses the point because the Settlement Agreement released the CDCR and any past or current CDCR employees. Plaintiff's argument does not help Plaintiff avoid the release language in the Settlement Agreement as it overlooks the fact that Plaintiff released Defendants from "all claims, past, present, and future, known or unknown, that arise or could arise from the facts alleged" in Fernandez. (General Release, ECF No. 23-1 at 29.) Naturally, this broad release language in the Settlement Agreement encompasses the current case's ADA claim due to the facts highlighted above in the Fernandez case and the applicability of section 12203(b) of the ADA to that case.

**VIII. CONCLUSION AND RECOMMENDATIONS**

Accordingly, for the reasons discussed above, the undersigned finds that the evidence demonstrates that Plaintiff waived his claims against defendant CDCR in the settlement agreement reached in Case 1:19-cv-01031. On this ground, the Court finds that Defendant CDCR is entitled to judgment as a matter of law because Plaintiff's First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 is barred by the terms of a prior settlement agreement and the doctrine of claim preclusion.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant CDCR's motion for judgment on the pleadings, filed on December 22, 2021 (ECF No. 23), be granted for the reasons discussed above;
2. This case be dismissed with prejudice; and
3. The Clerk be directed to enter judgment in favor of Defendant and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** from the date of service for these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **ten days** after the objections are filed.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2022**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE